UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLAND J. COLLINS,

        Plaintiff,

                              CASE NO. 2:09-CV-12858
v.                            HONORABLE MARIANNE O. BATTANI

HARPER WOODS POLICE DEPT.

        Defendant.
_____/

## ORDER OF DEFICIENCY AND TO SHOW CAUSE

This matter is before the Court on Plaintiff's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a Michigan prisoner, has not paid the $350.00 filing fee for this action and seeks to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff, however, has failed to properly apply to proceed without prepayment of the fee. Under the Prison Litigation Reform Act ("PLRA"), if a prisoner wishes to proceed without prepayment of the filing fee, the prisoner must file a certified trust account statement and an affidavit of indigence. 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff has failed to do so.

Accordingly, the Court **ORDERS** that within **30 days** of the filing date of this order, Plaintiff must either submit the $350.00 filing fee or, alternatively, file the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. *See McGore*, 114 F.3d at 605.

Should Plaintiff fail to pay the filing fee or to file the required documents as described, the Court must presume that he is not proceeding without prepayment of the fee, assess the entire filing fee, and order the case dismissed for want of prosecution. *Id.* If Plaintiff's action is dismissed under such circumstances, it will not be reinstated even if he subsequently pays the filing fee. *Id.*

Additionally, the Court's database reveals that Plaintiff has filed at least three (3) prior cases in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
| --- | --- | --- | --- |
| 08-CV-14881 | Wayne Co. Pros. | 12/22/2008 | Paul D. Borman |
| 09-CV-11785 | Warren Police Dept. | 06/04/2009 | Nancy G. Edmunds |
| 09-CV-12315 | Frank Murphy Hall | 06/22/2009 | Nancy G. Edmunds |

Under the PLRA, the Court may dismiss a case if, on three (3) or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court therefore **ORDERS** the Clerk of the Court to attach to this order the dockets for the cases listed above. The Court further **ORDERS** Plaintiff to show cause in writing within **30 days** from the date of his order why the Court should not dismiss this case under 28 U.S.C. § 1915(g). The Court notes that this subsection makes an exception in cases where the incarcerated plaintiff "is under imminent danger of serious physical injury."

**SO ORDERED.**

                                                   s/Marianne O. Battani
                                                   MARIANNE O. BATTANI
                                                   UNITED STATES DISTRICT JUDGE

Dated: August 4, 2009

CERTIFICATE OF SERVICE

      I hereby certify that on the above date a copy of this Order was served upon Earland J. Collins via U.S. Mail.

                                                  s/Bernadette M. Thebolt
                                                  Case Manager